**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**November 20, 2024**

_____

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TRE ROBERT ALLEN ACKERSON,

    Defendant - Appellant.

No. 24-5081
(D.C. No. 4:21-CR-00021-GKF-8)
(N.D. Okla.)

_____

### ORDER AND JUDGMENT*
_____

Before **MATHESON**, **KELLY**, and **McHUGH**, Circuit Judges.
_____

Pursuant to a plea agreement containing a waiver of appellate rights, Tre Robert Allen Ackerson pled guilty to second-degree murder in violation of 18 U.S.C. §§ 1151, 1152, and 1111.  He now seeks to appeal his sentence, and the government has moved to enforce the appellate waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc).

### Relevant Background

In addition to the appellate waiver, Ackerson's plea agreement included a stipulation under Federal Rule of Criminal Procedure 11(c)(1)(C) stating the parties'

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

agreement that a prison sentence of between 300 and 600 months would be the appropriate disposition of this case. The district court sentenced Ackerson to 600 months, which is below the statutory maximum of life imprisonment and within the range agreed to in the plea agreement. But his sentence is above that recommended by the advisory sentencing guidelines, which was 324 to 405 months.

The district court explained at sentencing that it was departing upward "pursuant to United States Sentencing Guideline Section 5K2.0, and the comment at note 5, to the agreed-upon range" set forth in the plea agreement. R. vol. III at 105. The court acknowledged that a 600-month sentence exceeded the standard 25-year sentence for second-degree murder but observed, "the directives of the sentencing guidelines and of the statutes is that a sentence be decided on the facts of the case." *Id.* at 111. The court stressed that Ackerson's sentence was "based upon a gruesome murder that occurred in this specific case." *Id.* at 112.

Ackerson acknowledges that his sentence is within the range contemplated in the plea agreement. But, he argues, once his guidelines sentence was calculated, Federal Rule of Criminal Procedure 32(h) required the court to give him notice of its intent to impose an upward departure. He also claims the district court's reliance on the departure provision, without prior notice, violated its own previous orders and the local criminal rules. As we explain, the parties' plea agreement forecloses our consideration of this issue.

2

**Discussion**

In evaluating whether to enforce an appellate waiver, we ask "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. Ackerson concedes the first two issues but argues enforcing his sentence would result in a miscarriage of justice.

There are only four situations in which enforcing an appellate waiver constitutes a miscarriage of justice: (1) when the district court relied on an impermissible factor, such as race; (2) when counsel provided ineffective assistance in negotiating the waiver; (3) when the sentence exceeds the statutory maximum; or (4) when the waiver itself is otherwise unlawful. *United States v. Polly*, 630 F.3d 991, 1001 (10th Cir. 2011). Ackerson relies only on the fourth situation, claiming his waiver was unlawful. He does not point to any deficiency in the waiver itself but states rather conclusively that the lack of notice regarding the departure provision satisfies the miscarriage-of-justice exception under *Hahn.* We disagree for two reasons.

First, Ackerson's sentence plainly falls within the range that he knowingly and voluntarily accepted in the plea agreement: "the appropriate disposition in this case is a sentence of at least 300 months (25 years) of imprisonment up to, and including, 600 months (50 years) of imprisonment." Mot. attach. 1 at 13. Ackerson says he agreed to that range assuming it would correspond to the guidelines calculation, but

3

that assumption "was proven inaccurate once the probation office officially calculated the applicable Guidelines range to be 324-to-405 months."  Appellant's Resp. at 10.  That may be so, but Ackerson is not relieved of his obligations under the plea agreement simply because the guidelines calculation was more favorable than he expected.  To the contrary, both parties explicitly agreed upon a sentence of 25 to 50 years "regardless of any advisory Sentencing Guidelines calculations."  *Id.* at 14.  Under these circumstances, we cannot say enforcing his sentence would result in a miscarriage of justice.

Second, Ackerson's argument misunderstands the focus of our inquiry under *Hahn*.  In deciding whether an appellate waiver is otherwise unlawful, we look "to whether the *waiver* is otherwise unlawful, not to whether another aspect of the proceeding may have involved legal error."  *United States v. Leyva-Matos*, 618 F.3d 1213, 1217 (10th Cir. 2010) (internal quotation marks omitted).  Ackerson claims the district court made procedural errors in failing to notify him of its intended reliance on an upward departure.  But even if we accept this argument, it does not affect the lawfulness of his *waiver*.  "An appeal waiver is not 'unlawful' merely because the claimed error would, in the absence of waiver, be appealable.  To so hold would make a waiver an empty gesture."  *Id.* (internal quotation marks omitted).

As we noted in *Polly*, a defendant's effort to invalidate an appellate waiver based on sentencing errors "illustrates what *Hahn* called the logical failing of focusing on the result of the proceeding, rather than on the right relinquished, in analyzing whether an appeal waiver is valid."  630 F.3d at 1002 (internal quotation

4

marks and brackets omitted).  With the proper focus, it is clear this appeal is foreclosed.  In exchange for certain concessions by the government, including dismissing its first-degree murder charge, Ackerson relinquished the very right that he attempts to assert now, i.e. his right to this court's consideration of his claims of error.  *See Polly*, 630 F.3d at 1002.

We therefore grant the government's motion to enforce Ackerson's appellate waiver and dismiss this appeal.

Entered for the Court

Per Curiam